# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Tim Snider, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  1:19-cv-4242 |
| Unifin, Inc., an Illinois corporation, LVNV Funding, LLC, a Delaware limited liability company and Resurgent Capital Services, L.P., a Delaware limited partnership, | ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Tim Snider, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

## PARTIES

3. Plaintiff, Tim Snider ("Snider"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted, time-barred consumer debt, which was allegedly owed for a Washington

Mutual Bank debt.

4.     Defendant, Unifin, Inc. ("Unifin"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant Unifin operates a nationwide debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana. In fact, Defendant Unifin was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.     Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant LVNV operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant LVNV was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.     Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Resurgent operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the

FDCPA, as to the defaulted consumer debt Defendants attempted to collect from Plaintiffs.

7. Defendant LVNV is a bad debt buyer that obtains/buys large portfolios of defaulted consumer debts for pennies on the dollar. LVNV has no employees and acts through its sister company, Defendant Resurgent, which hires and directs the collection efforts of other collection agencies, like Defendant Unifin, and which directs and controls LVNV.

8. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debt originated by others.

9. Defendants are authorized to conduct business in Indiana, and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Indiana.

10. Defendants are licensed as debt collection agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B. In fact, Defendants act as debt collection agencies in Indiana by trying to collect debts from tens of thousands of persons in Indiana via collection letters and phone calls.

**FACTUAL ALLEGATIONS**

11. More than 6 years ago, Mr. Snider fell behind on paying his bills, including a debt he allegedly owed for a Washington Mutual Bank account. Sometime after that debt went into default, it was allegedly purchased/obtained by LVNV, which Defendants LVNV and Resurgent tried to collect upon, by having Defendant Unifin send Mr. Snider an initial form collection letter, dated February 18, 2019, demanding payment of the

Washington Mutual Bank debt via various "limited-time" discounted settlement offers, namely:

1) "1 payment of **$566.72 (USD)** towards a discounted offer";

2) "3 monthly payments of **$728.64 (USD)** towards a discounted offer"; or,

3) "12 monthly payments of **$1,619.21 (USD)** towards the balance in full".

If Mr. Snider chose either of the last two options, he would be paying considerably more than the total amount of the debt that Defendants claimed was owed.

12. Moreover, this letter further belatedly stated, on its reverse side that:

\* \* \*

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV FUNDING LLC cannot sue you for it, and LVNV FUNDING LLC cannot report it to any credit reporting agency.

\* \* \*

A copy of this collection letter is attached as Exhibit C.

13. Defendants' letter, however, failed to state that Unifin also could not sue on the debt, nor that Unifin could not make a credit report about the debt.

14. In fact, no one could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Indiana, namely Indiana Code § 34-11-2 (six years from the date of the last payment/statement).

15. Moreover, there is no benefit to the consumer to "take advantage" of any of the "discounted" offers, especially the last two options, which would cost him more than what was allegedly owed.

16. Defendants' failure to disclose that no one could sue and that no one could credit report the debt is material. In Indiana, collection agencies like Unifin can, and do, file collection lawsuits for their clients, and nationwide they also make credit

4

reports for their clients. Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants claim that the time-barred debt was and obligation that needed to be settled and/or would result in the alleged discount. Indeed, Defendants' collection letter alarmed and confused Mr. Snider.

17. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

21. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Holzman v. Malcolm S. Gerald & Assocs., Inc., 920 F.3d 1264,1269-1273 (11th Cir. 2019); Tatis v. Allied Interstate, 882 F.3d 422, 429-300 (3rd Cir. 2018); Pantoja v. Portfolio Recovery

5

Assocs., 852 F.3d 679, 685-687 (7th Cir. 2017), cert. denied, 138 S.Ct. 736, 199 L.Ed. 2d 604 (2018); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

22. Although Defendants attempted to provide a disclaimer -- on the reverse side of the letter -- that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Unifin would not sue on the debt; b) they did not foreclose the possibility that Unifin would not credit report the debt; c) failed to warn that a partial payment could restart the statute of limitations, and d) they offered fictitious "discounted" payment amounts.

23. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, or that there was some advantage in paying the debt, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), in violation of § 1692e of the FDCPA.

24. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

25. Plaintiff adopts and realleges ¶¶ 1-18.

26. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. §

1692f.

27.     Although Defendants attempted to provide a disclaimer -- on the reverse side of the letter -- that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Unifin would not sue on the debt; b) they did not foreclose the possibility that Unifin would not credit report the debt; c) failed to warn that a partial payment could restart the statute of limitations; and d) they offered fictitious "discounted" payment amounts.

28.     These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, or to obtain the alleged advantage/discount, see, Lox, 689 F.3d at 826, in violation of § 1692f of the FDCPA.

29.     Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

30.     Plaintiff, Tim Snider, brings this action individually and as a class action on behalf of all persons similarly situated from whom Defendants attempted to collect a defaulted, time-barred consumer debt, originally owed allegedly to Washington Mutual, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

31.     Defendants regularly engage in debt collection, using the same form

collection letter they sent Plaintiff Snider, in their attempts to collect defaulted consumer debts from other consumers.

32.     The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Snider.

33.     Plaintiff Snider's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

35.     Plaintiff Snider will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be

established by common proof. Moreover, Plaintiff Snider has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Tim Snider, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Snider as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Snider and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tim Snider, individually and on behalf of all others similarly situated, demands trial by jury.

Tim Snider, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps  
One of Plaintiff's Attorneys

Dated: October 16, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com